IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00913-PAB-KLM

RICHARD BAKER,

    Plaintiff,

v.

AIRSERV CORPORATION, and
UNITED AIRLINES, INC.,

    Defendant(s).

_____

## ORDER DENYING MOTION TO COMPEL
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Compel Answers to Interrogatories, to Produce Documents and to Provide Other Discovery** [Docket No. 35; Filed March 9, 2009] (the "Motion"). As a preliminary matter,

IT IS HEREBY **ORDERED that no opposed discovery motions are to be filed with the Court until the parties comply with D.C. Colo. L. Civ. R. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any future contested discovery motions are filed with the Court**.

With regard to the Motion, Defendant Airserv ("Defendant") filed a Response on March 13, 2009 [Docket No. 37] indicating that two of the three discovery disputes were moot because Defendant had produced the relevant documents and information on the day the Motion was filed. *Response* [#37] at 2. Defendant also claims that the remaining

discovery dispute, involving the production of approximately 450 personnel files, should be resolved in its favor due to the overbreadth of the discovery request at issue and Plaintiff's failure to meaningfully confer.  *Id.* at 3-6.

Plaintiff filed a Reply on March 30, 2009 [Docket No. 44] acknowledging that documents and information responsive to two of the discovery disputes had been provided.  *Reply* [#44] at 2.  With regard to the remaining discovery dispute, Plaintiff argues that Defendant essentially waived the overbreadth objection by agreeing to produce the personnel files at issue and by using documents from unproduced personnel files in support of its pending motion for summary judgment.  *Id.* at 7.  Plaintiff also contends that it meaningfully attempted to resolve the dispute prior to seeking Court involvement.  *Id.* at 6.  Although the Court denied Defendant's request to file a surreply regarding the Motion [Docket No. 47], the Court takes judicial notice that Defendant has now produced all of the personnel files that Defendant relied upon in its motion for summary judgment [Docket No. 45-2].  Therefore, the Court finds that the remaining discovery dispute is limited to whether Defendant was required to produce approximately 450 additional personnel files that "may demonstrate others were treated more favorably than the Plaintiff because those files may contain [relevant] information . . . ."  *Reply* [#44] at 8.

Upon review of the pleadings, I find fault both with Plaintiff's Local Rule 7.1(A) attempt to confer with Defendant prior to filing the Motion and with Defendant's failure to comply with its discovery obligations in a timely and complete manner.  Given the parties' discovery agreement (which Defendant represents was responsive to two of the three discovery disputes at issue here), and Defendant's subsequent production of documents pursuant to that agreement, a portion of the Motion was largely unnecessary [Docket No.

37-2]. *Response* [#37] at 2. Further, Defendant's failure to ensure that the summary judgment personnel files at issue in the remaining discovery dispute were produced to Plaintiff in a timely manner has led, in large part, to an inefficient waste of the Court's and parties' time [Docket No. 45-2]. Nevertheless,

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

I find that two of the three discovery disputes at issue in the Motion (involving a privilege log and financial records) were mooted by Defendant's subsequent production of documents and information responsive to Plaintiff's outstanding discovery requests, in compliance with the parties' discovery agreement. Although production of discovery after a motion to compel is filed may nevertheless entitle the moving party to discovery sanctions pursuant to Fed. R. Civ. P. 37(a)(5), I decline to impose any sanctions here because (1) Plaintiff does not request sanctions and, consequently, no notice has been given to Defendant; and (2) Defendant produced the documents and information within the discovery deadline. This discovery was produced, at least in part, pursuant to an agreement reached by the parties only a few weeks prior to the filing of the Motion, such agreement being that Defendant would produce the discovery by the discovery deadline [Docket No. 37-2]. *Response* [#37] at 2. Plaintiff filed his Motion on the date of the discovery deadline. After its filing, but on the same date, Defendant produced the discovery. Had Plaintiff conferred close in time to filing the Motion, especially given the parties' agreement, this portion of the Motion would have been obviated.

I further find that while Defendant's production of the relevant personnel files was initially incomplete and untimely, Defendant has now produced every relevant document

3

from the personnel files of individuals identified by Plaintiff in his deposition as being comparators [Docket Nos. 37-4 at 3-4 & 45-2]. *See Response* [#37] at 4. Although Defendant's position is well taken that the discovery request at issue was unduly broad and not sufficiently detailed as required by *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008), the Court credits Defendant with producing the personnel files in their entirety for the individuals identified by Plaintiff as comparators. Although the Court is puzzled as to why Defendant informed Plaintiff that it would produce all of the personnel files called for by Plaintiff's discovery request without limitation, see, e.g., *Reply* [#44] at 3, I find that this promise does not entitle Plaintiff to the production of approximately 450 additional personnel files pursuant to the discovery request at issue.[1]

First, Request for Production No. 6 calls for confidential information and is overly broad and runs afoul of *Regan-Touhy*. As an officer of the Court, Plaintiff's counsel is expected to be familiar with the law relevant to his discovery requests. As such, Plaintiff

---

[1] The language of the relevant discovery requests are set forth below:

**Interrogatory No. 4** – Identify each person who since August 2005 has performed as a Skycap or bag handler for United customers at the curb at Denver International Airport (hereinafter "DIA") and for each indicate the date of hire, race, age, whether he/she has complained of discrimination, whether he/she has had any grievance arbitrated while an employee of AirServe and/or whether each is known to have any disability within the definition of the Americans With Disabilities Act (hereinafter "ADA").

**Request for Production No. 6** – Please provide the personnel files or similar documents of all those identified in response to Interrogatory No. [4] including records of hours worked and wages paid since January 1, 2007 to date.

*Reply* [#44] at 2-5. The Court notes that the list called for by Interrogatory No. 4 is not at issue, but it is included here to give context to Request for Production No. 6. *See Response* [#37] at 3-4 (indicating that Defendant provided the comprehensive list called for by Interrogatory No. 4 as well as any disciplinary records of individuals who objected to working as a Skycap or bag handler).

was on notice as of the date of the *Regan-Touhy* decision, May 20, 2008, that because of the confidential nature of the information sought, he was obligated to tailor his request for personnel files to seek only those relevant to his case. Moreover, Plaintiff has been on notice of such since Defendant filed its initial objections to producing the confidential information. As noted by the Tenth Circuit:

> [P]ersonnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression . . . .'"

*Regan-Touhy*, 526 F.3d at 648-49 (citations omitted).

Second, given that Plaintiff now has the personnel files of individuals he identified as comparators in his deposition, and of individuals cited by Defendant in support of its motion for summary judgment, it is unclear, nor does Plaintiff articulate, how the remaining 450 personnel files contain information that is relevant to the issue of Plaintiff's alleged disparate treatment. The fact that there may have been 450 employees who had employment similar to Plaintiff does not automatically make the entirety of their personnel files relevant to the issue of disparate treatment. Plaintiff's contention that the additional files are necessary because they "may demonstrate others were treated more favorably than the Plaintiff" without identifying which additional files may contain this information, implicates exactly the type of overbreadth concern articulated in *Regan-Touhy*. *See Reply* [#44] at 8. Simply, Plaintiff is not entitled to go on a fishing expedition by requiring the production of entire personnel files of every individual who may have held a similar position as Plaintiff without explaining why each personnel file requested is relevant. *See Martinez*

5

*v. True*, 128 Fed. Appx. 714, 715 (10th Cir. 2005); *see also Matthews v. Denver Newspaper Agency, LLP*, 07-cv-02097-WDM-KLM, slip op. at 2-3 (D. Colo. Dec. 1, 2008) (order upholding denial of motion to reopen discovery given the failure of the moving party to articulate why additional personnel files are relevant).  Accordingly, the Motion is denied, with each party to bear its own costs.

Dated:  April 9, 2009

                                              BY THE COURT:
                                              s/ Kristen L. Mix
                                              U.S. Magistrate Judge
                                              Kristen L. Mix